**[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals
## For the First Circuit

————————————

No. 99-2038

THERESA DUPRE,
Debtor,

————————————

HAEMONETICS CORPORATION;
NOVA BIOMEDICAL CORPORATION,
Plaintiffs, Appellees,

v.

THERESA DUPRE,
Debtor, Appellant.

————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

————————————

Before

Torruella, Chief Judge,
Bownes, Senior Circuit Judge,
and Lipez, Circuit Judge.

————————————

Charles A. Dale III, with whom Kimberly M. Parker and Gadsby & Hannah LLP were on brief, for appellant.
John Foskett, with whom Richard D. Bickelman, Anthony M. D'Imperio and Deutsch Williams Brooks DeRensis Holland & Drachman, P.C. were on brief, for appellees.

————————————

**Per Curiam.** This is an appeal by appellant Theresa Dupre from the decision of the United States District Court for the District of Massachusetts vacating the judgment of the United States Bankruptcy Court for the District of Massachusetts and remanding the case to the bankruptcy court with the instruction that judgment be entered for the appellees, Haemonetics Corporation and Nova Biomedical Corporation. See Haemonetics Corp. v. Dupre, 238 B.R. 224 (D. Mass. 1999).

The appellant's husband Paul Dupre was convicted of embezzling nearly one million dollars from Nova and Haemonetics between 1988 and 1994. Nova and Haemonetics brought suit against the Dupres alleging a civil conspiracy. While motions for summary judgment were pending, Theresa Dupre filed a Chapter 7 bankruptcy petition. The appellees challenged the discharge of her debt relying on section 523(a) of the Bankruptcy Code which provides in relevant part:

> A discharge under . . . this title does not discharge an individual debtor from any debt--
>
> . . .
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
>
>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
>
> . . .

> (6) for willful and malicious injury by the
> debtor to another entity or to the property of
> another entity.

11 U.S.C. § 523(a).

The bankruptcy court found the following relevant facts: the embezzled funds were deposited into six joint accounts maintained by the Dupres in six different banks. "Theresa was aware that her husband was providing funds for the various accounts far in excess of his earnings" and far in excess of their combined wages. Haemonetics v. Dupre (In re Dupre), 208 B.R. 609, 611 (Bankr. D. Mass. 1997). Nevertheless, she regularly wrote checks from those accounts, and maintained the check registers, for expenditures that went beyond the Dupre's disposable income from their wages. Accordingly, the court found that Theresa was "intimately familiar" with the amount of funds coming into the household, refuting "her attempts to appear unsophisticated in financial dealings." Id. In addition, Theresa Dupre deleted a Quicken software program from her home computer to conceal the family's financial affairs from her creditors, denied this act to the creditors, and testified falsely in court about the purpose of the deletions.[1]

Despite these findings implicating Theresa in her husband's embezzlement, the bankruptcy court concluded that "[t]here is not an

---

[1] For a full disposition of the facts, see Haemonetics Corp., 238 B.R. at 226-27.

iota of evidence that Theresa acted in concert with Paul in the act of converting the Plaintiffs' funds." Id. at 612. The bankruptcy court inexplicably determined that there was insufficient evidence that Theresa knew the source of the funds. See id. Based on this conclusion, the court held that § 523(a) did not apply and entered judgment for Theresa Dupre. See id.

The district court in vacating the bankruptcy court's judgment relied on the bankruptcy court's subsidiary findings and the additional evidence that Theresa had occasionally reviewed the regular bank statements sent to the Dupre home. At least some of those statements explicitly detailed the numerous deposits of very large sums of money from Haemonetics and Nova. See Haemonetics, 238 B.R. at 228. Finding both knowledge and participation, the district court properly concluded that the appellant acted in concert with her husband in converting the appellees' property and, consequently, that her debt should not be discharged under § 523(a). See id. at 229-30.

Based on our independent judgment that the bankruptcy court's ultimate finding is clearly erroneous, we affirm the decision of the district court. See Palmacci v. Umpierrez, 121 F.3d 781, 785 (1st Cir. 1997). With all due deference to the bankruptcy court as the trial court in this case, see Palmacci, 121 F.3d at 785; Williams v. Poulos, 11 F.3d 271, 278 (1st Cir. 1993), Theresa Dupre's willful destruction of evidence, untruthful testimony, knowledge of income far in excess of

earnings, and review of the bank statements indisputably establish that she knew the illicit source of the funds. Where, as here, there is no other plausible inference, we are compelled to hold that the bankruptcy court's conclusion that Theresa lacked knowledge of the source of the funds and could not therefore act in concert with her husband is clearly erroneous. See Jackson v. United States, 156 F.3d 230, 232-33 (1st Cir. 1998); Irving v. United States, 49 F.3d 830, 835 (1st Cir. 1995); Williams, 11 F.3d at 278.

It follows that Theresa's willful participation in the conversion of the appellees' property through embezzlement satisfies the exception to discharge. See § 523(a)(6); Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998) (holding that the injury -- the deprivation of property -- must be wilful, not just the intentional act that results in the injury); Roumeliotis v. Popa (In re Popa), 140 F.3d 317, 318 (1st Cir. 1998) (applying Geiger); cf. Barclays American Business Credit v. Long (In re Long), 774 F.2d 875, 879 (8th Cir. 1985) (observing that discharge exception requires egregious conduct rather than mere conversion).

## CONCLUSION

For the reasons discussed above and set forth more fully in the district court opinion, we **affirm**.